IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

TAMMY KISZ and
KEVIN KISZ,

      Plaintiffs,

vs.

      CASE NO.: *2010-CA- 006741-NC*

UNITRIN DIRECT PROPERTY &
CASUALTY COMPANY, a foreign
corporation authorized to do business
in the State of Florida,

      Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND SUPPLEMENTAL RELIEF

    The Plaintiffs, KEVIN KISZ and TAMMY KISZ, by and through their undersigned counsel,

sue the Defendant, UNITRIN DIRECT PROPERTY & CASUALTY COMPANY, a foreign

corporation authorized to do business in the State of Florida, and say:

    1.    This is an action for Declaratory Judgment and Supplemental Relief against UNITRIN

DIRECT PROPERTY & CASUALTY COMPANY, to determine a question in bona fide controversy

between the parties pertaining to the monetary limit of underinsured motorist coverage under a policy

of automobile insurance.

    2.    UNITRIN DIRECT PROPERTY & CASUALTY COMPANY, is a foreign

corporation authorized to do business and doing business in the State of Florida, hereinafter referred to

as "Unitrin."

    3.    Plaintiffs are residents of Sarasota County, Florida.

    4.    On June 16, 2008, KEVIN G. STAMPE, a Florida resident, owned a motor vehicle

that was operated with his consent and permission by his Wife, SARA STAMPE who negligently

and carelessly operated or maintained the vehicle so as to cause it to collide with a motor vehicle being driven by the Plaintiff, TAMMY KISZ in Sarasota County, Florida.

$\mathcal{D}$ 5. As a direct and proximate result of the said negligence and carelessness by SARA STAMPE and the ensuing collision, the Plaintiff, TAMMY KISZ, was done severe and grievous bodily harm; that the said Plaintiff, TAMMY KISZ, was bruised, shocked, and contused in and about her head, neck, back, shoulders and extremities and other portions of her body necessitating neck surgery at 4 levels including placement of a plate and screws and that some of the injuries suffered by the said Plaintiff are continuous and permanent in nature; that the said Plaintiff has in the past and will in the future be greatly handicapped and unable to lead a normal life; that the said Plaintiff has in the past and will in the future suffer excruciating physical and mental pain; that the said Plaintiff has in the past and will in the future be under care of doctors and have to undergo treatment for her injuries; that the said Plaintiff has suffered an aggravation of a previously existing condition; that the said Plaintiff has in the past and will in the future be obligated to pay large doctors bills, medical bills and other expenditures, for the treatment of her injuries; that the said Plaintiff has in the past and will in the future suffer loss of earnings and a diminishment of her earning capacity; and that the said Plaintiff has in the past and will in the future incur such other economic and non-economic losses as a result of her injuries.

6. That at all times material hereto, Plaintiff, KEVIN KISZ, was the lawful husband of Plaintiff, TAMMY KISZ.

$\mathcal{P}$ 7. Because of the negligence of KEVIN G. STAMPE and SARA STAMPE, which caused the injuries and damages incurred by the Plaintiff, TAMMY KISZ, Plaintiff, KEVIN KISZ, has lost in the past, and will continue to lose in the future, the support, consortium, love, companionship, affection and services of his wife, Plaintiff, TAMMY KISZ.

8.     At the time of the collision mentioned herein both KEVIN STAMPE and SARA STAMPE were "underinsured motorists" as defined by Plaintiffs' automobile policy with Unitrin.

9.     At all times material hereto, Kemper Auto & Home Insurance Company, a foreign corporation was authorized to do business and doing business in the State of Florida, hereinafter referred to as "Kemper."

10.    On or about June 28, 2002, Kemper and Unitrin entered into a business transaction whereby all of Kemper's insurance business was transferred to and accepted by Unitrin, and Kemper was authorized to write insurance policies on behalf of Unitrin. The auto policy declaration page and Policy Number 1050162 that was initially issued on August 6, 2002, was delivered to Plaintiffs in Sarasota County, Florida by Kemper, acting on behalf of Unitrin. A copy of said auto policy declarations page is attached hereto as Exhibit "A".

11.    At some time subsequent to August 6, 2002 said policy was renewed by Unitrin and placed in the name of Unitrin. At all times material hereto, Kemper was authorized to act and acting as the agent and representative of Unitrin having been bought out by Unitrin.

12.    At all times material hereto, Defendant, Unitrin, was acting through its agents, servants, employees and representatives with the Defendant's authority, permission, and consent to act.

13.    Policy Number 1050162 was renewed with Defendant, Unitrin, on February 6, 2008, whereby Plaintiffs paid for uninsured/underinsured motorist coverage on 6 automobiles and paid a separate premium on each of said automobiles for such coverage. Said renewal policy was in effect on the date of the collision on June 17, 2008. A true and correct copy of the sworn Affidavit of Coverage and Certified Auto Policy Declarations being attached hereto as Exhibit "B".

14.    At no time material hereto, did Kemper or Unitrin have possession of a knowledgeable rejection of stacked underinsured motorist coverage signed by either Plaintiff.

15.     At no time material hereto did Kemper or Unitrin have an underinsured motorist rejection form approved by and/or filed with the Florida Commissioner of Insurance or the Florida Department of Insurance or the Florida Office of Insurance, hereinafter collectively referred to as the "Department of Insurance", signed by either Plaintiff.

16.     At no time prior to the collision mentioned herein did Kemper or Unitrin comply with the requirements of Section 627.727(9) Florida Statutes, so as to allow either company to withdraw from their obligation to provide Plaintiffs the right to the "stacking" of uninsured/underinsured motorist benefits provided under court doctrine in the State of Florida as follows:

a)  no form, approved by the Department of Insurance was supplied to Plaintiffs to reject stacked underinsured motorist coverage;

b) no signature provided by Plaintiffs was obtained by either Kemper or Unitrin on an approved form;

c)  no knowledgeable rejection by any means was obtained by either company from either Plaintiff; and

d) no filing for revised premium rates for such underinsured motorist coverage was filed with the Department of Insurance prior to initially providing such coverage by either Kemper or Unitrin .

17.     Plaintiffs paid Kemper the premiums due on two motor vehicles for uninsured/underinsured motorist coverage when the policy was first issued on or about August 6, 2002 for coverage as set forth in the policy.  After having issued said policy, Kemper sent Plaintiffs a blank form, which form had not been approved by the Department of Insurance, nor was it filed in that office or department.  Attached as Exhibit "C" is a copy of the form in question, only it had no printed name, stamps or other markings whatsoever, as are shown on Exhibit "C".

18.     An instructional letter was sent along with the form instructing Plaintiffs to sign documents where indicated and the form is dated August 13, 2002, one week after the policy had already been issued.

19.     After the collision described in this Complaint, Plaintiffs obtained a sworn disclosure of coverage from Unitrin pursuant to Section 627.7234 Florida Statutes, regarding Unitrin's obligations under Policy Number 1050162. A true and correct copy of the said sworn disclosure of insurance coverages and certified policy being attached hereto as Exhibit "B".

20.     The last page of said disclosure showed Plaintiff, Tammy Kisz' printed name on a Uninsured Motorist Selection/Rejection Form, form BD SC 025 09 1299 a copy of which is separately attached as Exhibit "C".

21.     Plaintiff Tammy Kisz has no independent recollection of printing her name on the form and the writing is certainly not how she would sign her name.

22      Following the sworn certification of the Uninsured Motorist Selection/Rejection Form as part of Plaintiffs' insurance policy provided under correspondence dated October 27, 2008 which is attached hereto as Exhibit "B", Unitrin forwarded a second form under correspondence dated February 25, 2009, that was represented to be a true and accurate copy of the Uninsured Motorist Selection/Rejection Form.

23.     The subsequent disclosure dated February 25, 2009, a copy of which is attached as Exhibit "D" is materially different than the form sworn to on October 27, 2008 which is attached as the last page of Exhibit "B" and separately as Exhibit "C.

24.     An examination of Exhibit "C" compared with Exhibit "D" clearly shows that the form of each is exactly the same, but a stamp stating "sue date 9/18" has been deleted and two "X'"s have been added to the document at some time after coverage was initially purchased by Plaintiffs,

and after the Plaintiff, Tammy Kisz' printed name was placed on the document and after the document had been stamped "sue date 9/18."

25.     The addition of the X's was an act of forgery performed by Defendant for the purpose of changing the apparent legal significance of the document. These unauthorized alterations to the document amount to fraud, forgery or trickery on the part of Defendant acting through its authorized representatives, agents, and employees, and without the permission of Plaintiffs.

26     Plaintiffs are entitled to stacking of underinsured motorist coverage for as many vehicles for which they paid premiums for such coverage due to the Uninsured Motorist selection/rejection Form attached as Exhibits "C" and "D" being void and invalid.

27.     Unitrin contends that the documents attached as Exhibit "C" and "D" support its position of "non-stacking."

28.     Defendant further contends that Exhibit "D" demonstrates its compliance with the conditions required in Florida Statutes 627.727(9) in order to divest Plaintiffs of the stacking of coverage under their policy

29.     At the date and time of the collision mentioned the Plaintiffs were covered for underinsured motorist coverage with limits of $100,000.00 per vehicle on 6 motor vehicles for a total of $600,000.00 in stacked coverage.

30.     Recently, Plaintiffs made claim against Unitrin under the underinsured motorist portion of the policy and demanded Unitrin stack all 6 coverages mentioned for the 6 vehicles for which Plaintiffs were paying premiums.

31.     Unitrin took the position that the Plaintiffs had rejected stacked underinsured motorist coverage based upon Exhibit "D" and thus is entitled to only $100,000.00 in coverage which amount has been tendered but not accepted.

$\mathcal{D}$   32.   Plaintiffs contend that the action taken by Defendant involving Exhibits "C" and/or "D" render the documents null and void and as a matter of law, that the forms are not in compliance with Florida law and that Plaintiffs have the right to stack the $100,000.00 coverage for each of the 6 vehicles for which Plaintiffs have been paying premiums to the extent that Plaintiffs' damages from the collision mentioned herein are satisfied.

$\mathcal{D}$   33.   The Plaintiffs are in doubt as to their rights under the insurance policy as interpreted under Florida law and are entitled to have the doubt removed.

$\mathcal{D}$ 34.   The Plaintiffs are in need of a declaration of their rights under the terms of the insurance policy.

WHEREFORE, Plaintiffs request the court to enter a declaratory judgment ruling that the underinsured motorist coverage under Policy Number 1050162 issued by Defendant is stacked by the 6 vehicles insured under the policy for a total of $600,000.00 in underinsured motorist coverage and to issue supplemental relief including a supplemental monetary judgment against Defendant as awarded by a jury and such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand that all issues raised herein be tried by a jury.

SARDELIS and BOWLES, L.L.P.
2033 Main Street, Suite 502
Sarasota, FL 34237
(941) 366-1200 Fax (941) 365-6691

By: **CATHERINE B. BOWLES**
Florida Bar Number 357006
Counsel for Plaintiffs

# KemperDIRECT



## AUTO POLICY DECLARATIONS

CUSTOMER SERVICE OFFICE
P.O. BOX 3057
SCRANTON, PA 18505-0057
Underwritten By: Kemper Auto & Home Insurance Company
Long Grove, Illinois 60049
Customer Service: 1-800-437-3394
Claims: 1-888-693-2277 (1-888-MY3-CARS)
Web: www.ckemper.com
Fax: 1-570-496-2062

**Policyholder Copy**
**Personal Auto Policy Number:** 1050162
**Reason for This Declarations:** Policy Change
CHANGE OF LOSS PAYEE

---

**Named Insured and Address:**
℅  Kevin M. Kisz
Tammy J. Kisz
2105 Hyde Park Street
Sarasota, FL 34239

**Annual Policy Period:**
12:01 a.m. Standard Time
From: August 06, 2002
To: August 06, 2003
**Effective Date of This Declarations:**
August 06, 2002

### IMPORTANT MESSAGES

- If you choose a pay plan other than annual or EasyPay, an installment fee of $.50 will be included in your payments.

### VEHICLES INSURED

| VEHICLE | YEAR | MAKE | MODEL | SUBMODEL | VEHICLE IDENTIFICATION | CLASS | SYMBOL | TERRITORY |
|---|---|---|---|---|---|---|---|---|
| 1 | 1999 | GMC | YUKON | UTIL 4X2 | 1GKEC13R1XJ800537 | 14164 | 11 | 013 |
| 2 | 1995 | FORD | WINDSTAR | WAG | 2FMDA5149SBC84979 | 24114 | 11 | 013 |

### DRIVERS INSURED

| DRIVER | NAME | DATE OF BIRTH | LICENSE NUMBER | LICENSE STATE |
|---|---|---|---|---|
| 1 | KEVIN M KISZ | 09/20/60 | K200513603400 | FL |
| 2 | TAMMY J KISZ | 07/15/61 | K200810617550 | FL |

### ADDITIONAL INSURED (AI) / LOSS PAYEE (LP)

| VEHICLE | TYPE | NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| 1 | LP | GMAC FINANCING INSURANCE CENTER | PO BOX 2525 | HUDSON | OH | 44236 |

### COVERAGE SUMMARY - VEHICLE

| DESCRIPTION AND LIMITS OF LIABILITY | | VEHICLE 1 PREMIUM | VEHICLE 2 PREMIUM | VEHICLE 3 PREMIUM | VEHICLE 4 PREMIUM | VEHICLE 5 PREMIUM | VEHICLE 6 PREMIUM |
|---|---|---|---|---|---|---|---|
| Bodily Injury Liability | | | | | | | |
| Each Person/Each Occurrence  $100,000/$ 300,000 | | $ 119.00 | $ 103.00 | | | | |
| Property Damage Liability | $50,000 | $ 103.00 | $ 88.00 | | | | |
| Medical Payments | $5,000 | $ 17.00 | $ 14.00 | | | | |
| Uninsured Motorist (UM) Non-Stacked | | | | | | | |
| Each Person/Each Occurrence  $100,000/$ 300,000 | | $ 26.00 | $ 26.00 | | | | |
| Personal Injury Protection | $10,000 | $ 75.00 | $ 65.00 | | | | |
| Includes Accidental Death Benefits up to $5,000 | | | | | | | |
| Comprehensive | | $ 36.00 | $ 30.00 | | | | |
| Actual Cash Value less deductibles: Car 1: $ 500, Car 2: $ 500 | | | | | | | |
| Full Windshield Glass | | Included | Included | | | | |
| Collision | | $ 132.00 | $ 98.00 | | | | |
| Actual Cash Value less deductibles: Car 1: $ 500, Car 2: $ 500 | | | | | | | |

PLEASE GO TO THE NEXT PAGE TO SEE THE CONTINUATION OF YOUR COVERAGES AND YOUR TOTAL POLICY COST



EXHIBIT
A

# KemperDIRECT



## AUTO POLICY DECLARATIONS

**Policyholder:** Kevin M. Kisz
Underwritten By: Kemper Auto & Home Insurance Company
Long Grove, Illinois 60049
**Personal Auto Policy Number:** 1050162

**Annual Policy Period:** 08/06/2002 - 08/06/2003
**Effective Date of This Declarations:** August 06, 2002
**Reason for This Declarations:** Policy Change

| COVERAGE SUMMARY - VEHICLE (continued) DESCRIPTION AND LIMITS OF LIABILITY | VEHICLE 1 PREMIUM | VEHICLE 2 PREMIUM | VEHICLE 3 PREMIUM | VEHICLE 4 PREMIUM | VEHICLE 5 PREMIUM | VEHICLE 6 PREMIUM |
|---|---|---|---|---|---|---|
| Annual Premium Per Vehicle | $ 508.00 | $ 424.00 | | | | |

|  |  |  |
|---|---|---|
| Total Vehicle Premium: | $ | 932.00 |
| **Total Policy Cost** | $ | 932.00 |

| VEHICLE DISCOUNTS DESCRIPTION | VEHICLE 1 | VEHICLE 2 | VEHICLE 3 | VEHICLE 4 | VEHICLE 5 | VEHICLE 6 |
|---|---|---|---|---|---|---|
| Double Airbag | Yes | Yes | | | | |
| Anti-Lock Brakes | Yes | Yes | | | | |
| Daytime Running Lights | Yes | | | | | |
| Anti-Theft Devices | Yes | | | | | |
| Safe Vehicle | Yes | Yes | | | | |
| Premier Discount | Yes | Yes | | | | |
| Multi-Car | Yes | Yes | | | | |

### FORMS AND ENDORSEMENTS MADE AS PART OF THIS POLICY

| | |
|---|---|
| PP 00 01 06 98 | Personal Auto Policy |
| PP 01 84 06 98 | Amendment of Policy Provisions - Florida |
| PP 03 01 08 86 | Federal Employees Using Autos in Government Business |
| RD PA 005 99 0601 | New Vehicle Replacement Coverage Endorsement |
| PP 03 25 06 94 | Full Windshield Coverage |
| PP 04 42 12 00 | Split Uninsured Motorists Coverage - Florida (Non-Stacked) |
| PP 05 54 08 02 | Personal Injury Protection Coverage - Florida |
| PP 13 01 12 99 | Coverage for Damage To Your Auto Exclusion |
| PP 03 05 08 86 | Loss Payable Clause |

Jacqueline O'Donnell

Countersigning Agent

20020821 20020822 20020822 1097 0642 AM1 0 22 01

# UNITRIN direct℠
## auto and home insurance

October 27, 2008

Catherine B. Bowles
Sardelis and Bowles LLP
2033 Main Street
Suite 502
Sarasota, FL 34237-6063



RECEIVED
NOV – 3 2008
BY:

Our Insured:     Kisz, Kevin M.
Our Claim No.:  2008023791
Your Client:      Tammy Kisz
Date of Loss:    6/17/2008

Dear Ms. Bowles:

The purpose of this letter is to acknowledge receipt of your Letter of Representation dated September 26, 2008. As required by Florida Statue 627.4137, (formerly 627.7264), the following is our **Statement Under Oath:**

A. Name of Insurer:    UNITRIN DIRECT PROPERTY & CASUALTY COMPANY
B. Name of each Insured:  Kevin M. Kisz, Tammy J. Kisz, Ashley A. Wallace and Jennifer L. Wallace
C. The Limits of Liability Coverage:  BI: $100,000 / $300,000; PD $50,000; Medpay $5,000; UM (Non Stacked) $100,000 / $300,000; PIP $10,000; Comp/$500 Deduct; Coll/$500 Deduct; Customizing Equipment $1,000.
D. A statement of any policy or coverage defense, which such insurer reasonably believes, is available to such insurer at the time of filing such statement:      None at this time.  However, we reserve the **right to invoke such defenses in the future.**
E. We are not aware of any excess or umbrella polices which apply to this loss.
F. A Certified copy of the Declaration Page and policy are attached.

If you feel UNITRIN DIRECT PROPERTY & CASUALTY COMPANY has failed to fully comply with all of the requirements as set forth under Statute 627.4137, please do not hesitate to contact the assigned adjuster at 877-305-4165 Ext. 4968.

At this time we would request the following information, which will be necessary for us to prepare for the evaluation of this claim:

1. Your client's date of birth and social security number for indexing purposes.
2. Copies of all hospital and treating physician's medical bills.
3. Copies of all hospital and treating physician's reports and office notes.
4. If your client is claiming lost wages we will need a wage verification form.  Additionally, we will need a disability note from their doctor verifying their need to miss work.  If your client is self-employed, we request their tax returns from the last three years.

Should you have any questions, please contact the assigned adjuster.

Claims Supervisor

SWORN TO AND SUBSCRIBED before me this ___27___ day of ___October___, 20_08_.

___Mary Ann Rhodes___
Notary's Signature                     Unitrin Direct



MARY ANN RHODES
Commission DD 712632
Expires October 2, 2011

**EXHIBIT**
**B**

Unitrin Direct Insurance Company, Unitrin Direct Property & Casualty Company,
1408 N. Westshore Blvd. Suite 200, Tampa, FL 33607 • 813.261.4100 • Fax 813.639.1842



**UNITRIN** *direct* ®
*auto insurance*

Unitrin Direct
Administrative Office
PO Box 3117
Scranton, PA 18505-9911

10/22/2008

## Policy Certification

Attached is a certified policy, Unitrin Direct Property & Casualty Company policy
number 1050162, issued to Kevin M. Kisz & Tammy J. Kisz at 2105 Hyde Park St.
Sarasota, FL 34239 in force on 6/17/2008.

*Michelle Marsh*
Michelle Marsh
Custodian of Records for Unitrin Direct Property & Casualty

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF

On this, the 23rd day of October , 2008 before me a notary public, the undersigned officer,
personally appeared Michelle Marsh , known to me (or satisfactorily proven) to be the person
whose name is subscribed to the within instrument, and acknowledged that he executed the same for the
purposes therein contained.
     In witness whereof, I hereunto set my hand and official seal.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHAEL RUDDY, Notary Public
Moosic Boro., Lackawanna County
My Commission Expires January 31, 2012

Policies Underwritten By:

Unitrin Direct Property & Casualty



# UNITRIN direct
### auto insurance

**CUSTOMER SERVICE OFFICE**
P.O. BOX 3057
SCRANTON, PA 18505-0057
Underwritten By: Unitrin Direct Property & Casualty Company
Chicago, Illinois 60601
**Customer Service: 1-800-437-8394**
**Claims: 1-877-506-4222**
**Web: www.UnitrinDirect.com**
**Fax: 1-800-242-8057**

## AUTO POLICY DECLARATIONS

**Policyholder Copy**
**Personal Auto Policy Number:** 1050162
**Reason for This Declarations:** Policy Change
Addition of Vehicle
Addition of Discount

---

**Named Insured and Address:**
Kevin M. Kisz
Tammy J. Kisz
2105 Hyde Park St
Sarasota, FL 34239

**Policy Period:**
12:01 a.m. Standard Time
From: February 06, 2008
To: August 06, 2008
**Effective Date of This Declarations:**
May 20, 2008

### VEHICLES INSURED

| VEHICLE | YEAR | MAKE | MODEL | SUBMODEL | VEHICLE IDENTIFICATION | GARAGING ZIP |
|---|---|---|---|---|---|---|
| 1 | 1999 | GMC | YUKON | UTIL 4X2 | 1GKEC13R1XJ800537 | 34239 |
| 2 | 2005 | BUICK | RENDEZVOUS | UTL4X24D | 3C5DA03E05S550201 | 34239 |
| 3 | 1995 | BMW | 525I | SEDAN 4D | WBAHD6326SGK56738 | 34239 |
| 4 | 2007 | TOYOTA | TC | HCHBK 2D | JTKDE177470167606 | 34239 |
| 5 | 1998 | HONDA | ACCORD LX | SEDAN 4D | 1HGCG1648WA005931 | 34239 |
| 6 | 2003 | HONDA | ACCORD | COUPE 2D | 1HGCM82713A032515 | 34239 |

### DRIVERS INSURED

| DRIVER | NAME | DATE OF BIRTH | LICENSE NUMBER | LICENSE STATE |
|---|---|---|---|---|
| 1 | KEVIN M KISZ | 09/20/60 | K200513603400 | FL |
| 2 | TAMMY J KISZ | 07/15/61 | K200810617550 | FL |
| 3 | ASHLEY A WALLACE | 12/15/87 | W420001879550 | FL |
| 4 | JENNIFER L WALLACE | 08/27/89 | W420432898070 | FL |

### ADDITIONAL INSURED (AI) / LOSS PAYEE (LP)

| VEHICLE | TYPE | NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| 1 | LP | GMAC FINANCING INSURANCE CENTER | PO BOX 2525 | HUDSON | OH | 44236 |
| 4 | LP | WORLD OMNI FINANCE INS SERV CTR | PO BOX 9249 | MOBILE | AL | 36691 |

### COVERAGE SUMMARY - VEHICLE

| DESCRIPTION AND LIMITS OF LIABILITY | | VEHICLE 1 PREMIUM | VEHICLE 2 PREMIUM | VEHICLE 3 PREMIUM | VEHICLE 4 PREMIUM | VEHICLE 5 PREMIUM | VEHICLE 6 PREMIUM |
|---|---|---|---|---|---|---|---|
| Bodily Injury Liability | | $ 251.00 | $ 212.00 | $ 219.00 | $ 188.00 | $ 239.00 | $ 184.00 |
| Each Person/Each Accident    $100,000/ $300,000 | | | | | | | |
| Property Damage Liability    $50,000 | | $ 205.00 | $ 84.00 | $ 109.00 | $ 97.00 | $ 123.00 | $ 94.00 |
| Medical Payments    $5,000 | | $ 24.00 | $ 19.00 | $ 31.00 | $ 26.00 | $ 37.00 | $ 27.00 |
| Uninsured Motorist (UM) Non-Stacked | | $ 54.00 | $ 42.00 | $ 70.00 | $ 58.00 | $ 83.00 | $ 60.00 |
| Each Person/Each Accident    $100,000/ $300,000 | | | | | | | |
| Personal Injury Protection    $10,000 | | $ 74.00 | $ 60.00 | $ 95.00 | $ 80.00 | $ 111.00 | $ 82.00 |
| Includes Accidental Death benefits up to $5,000 | | | | | | | |
| Other Than Collision | | $ 22.00 | $ 13.00 | $ 29.00 | $ 15.00 | $ 15.00 | $ 19.00 |
| Actual Cash Value less deductibles | | | | | | | |
| Car 1: $500, Car 2: $500, Car 3: $500 | | | | | | | |
| Car 4: $500, Car 5: $500, Car 6: $500 | | | | | | | |
| Full Windshield Glass | | Included | Included | Included | Included | Included | Included |

---

RD PM 001 99 0107


**UNITRIN** *direct*
*auto insurance*

# AUTO POLICY DECLARATIONS

**Policyholder:** Kevin M. Kisz
Underwritten By: **Unitrin Direct Property & Casualty Company**
Chicago, Illinois 60601
**Personal Auto Policy Number:** 1050162

**Policy Period:** 02/06/2008 - 08/06/2008
**Effective Date of This Declarations:** May 20, 2008
**Reason for This Declarations:** Policy Change

| COVERAGE SUMMARY - VEHICLE (continued) DESCRIPTION AND LIMITS OF LIABILITY | VEHICLE 1 PREMIUM | VEHICLE 2 PREMIUM | VEHICLE 3 PREMIUM | VEHICLE 4 PREMIUM | VEHICLE 5 PREMIUM | VEHICLE 6 PREMIUM |
|---|---|---|---|---|---|---|
| Collision<br>Actual Cash Value less deductibles:<br>Car 1: $500, Car 2: $500, Car 3: $500<br>Car 4: $500, Car 5: $500, Car 6: $500 | $ 112.00 | $ 147.00 | $ 145.00 | $ 201.00 | $ 127.00 | $ 174.00 |
| Customizing Equipment<br>Car 1: $1,000, Car 2: $1,000, Car 3: $1,000<br>Car 4: $1,000, Car 5: $1,000, Car 6: $1,000 | Included | Included | Included | Included | Included | Included |
| Premium Per Vehicle | $ 742.00 | $ 577.00 | $ 698.00 | $ 665.00 | $ 735.00 | $ 640.00 |

| | | |
|---|---|---|
| Total Vehicle Premium: | $ | 4,057.00 |
| FL Hurricane Catastrophe Fund | $ | 40.57 |
| **\* Total** | $ | 4,097.57 |

\* See Miscellaneous Fees section to see if additional fees apply

## DISCOUNTS

Homeowner
Multi-car

| VEHICLE DISCOUNTS DESCRIPTION | VEHICLE 1 | VEHICLE 2 | VEHICLE 3 | VEHICLE 4 | VEHICLE 5 | VEHICLE 6 |
|---|---|---|---|---|---|---|
| Double Airbag | Yes | Yes | Yes | Yes | Yes | Yes |
| Anti-Lock Brakes | Yes | Yes | Yes | Yes | Yes | Yes |
| Anti-Theft Device | Yes | Yes | Yes | Yes | Yes | Yes |

| DRIVER DISCOUNTS / SURCHARGES DESCRIPTION | DRIVER 1 | DRIVER 2 | DRIVER 3 | DRIVER 4 | DRIVER 5 | DRIVER 6 |
|---|---|---|---|---|---|---|
| Accident 10/07/2005 | | | | Yes | | |
| Accident 07/31/2007 | | | | Yes | | |
| Business Use | | | | | | |



# AUTO POLICY DECLARATIONS

**Policyholder:** Kevin M. Kisz
Underwritten By: Unitrin Direct Property & Casualty Company
Chicago, Illinois 60601
**Personal Auto Policy Number:** 1050162

**Policy Period:** 02/06/2008 - 08/06/2008
**Effective Date of This Declarations:** May 20, 2008
**Reason for This Declarations:** Policy Change

## FORMS AND ENDORSEMENTS MADE AS PART OF THIS POLICY

| | |
|---|---|
| PP 00 01 01 05 | Personal Auto Policy |
| PP 01 84 0105 | Amendment of Policy Provisions - Florida |
| UD PA 128 99 0307 | Amendment of Policy Provisions Part D - Coverage for Damage to Your Auto |
| PP 02 51 12 05 | Amendment of Termination and Changes Provisions - When Driving Privileges Are Reinstated After Suspension/Revocation - Florida |
| PP 03 01 08 86 | Federal Employees Using Autos in Government Business |
| PP 03 25 06 94 | Full Windshield Coverage |
| PP 04 42 0105 | Split Uninsured Motorists Coverage - Florida (Non-Stacked) |
| PP 05 54 0105 | Personal Injury Protection Coverage - Florida |
| PP 13 01 12 99 | Coverage for Damage To Your Auto Exclusion |
| UD PA 099 09 0706 | Loss Payable Clause - Florida |

## MISCELLANEOUS FEES

**Insufficient Fund Fee:**    You will be charged an Insufficient Fund Fee of $15.00 if payment was justifiably dishonored by your financial institution.

**Late Fee:**    Not Applicable

**Installment Fees:**    You can choose to pay your premium through one of the following billing methods:
- EasyPay Automatic (bank account): recurring withdrawal with a fee of $2.00 per installment,
- EasyPay Automatic (credit card): recurring withdrawal with a fee of $3.00 per installment, or
- Direct Bill: with a fee of $3.00 per installment.

Installment fees do not apply to the first payment of the policy term.

You can choose to pay your premium on a one, two, three or six installment payment plan. (The six installment payment plan is not available on Direct Bill.)

*Robert J. Shapard*

Robert J. Shapard, Countersigning Agent

20080519 AM1 22 0

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:
1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
1. The end of 90 days following the spouse's change of residency;
2. The effective date of another policy listing the spouse as a named insured; or
3. The end of the policy period.

B. "We", "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:
1. Under a written agreement to that person; and
2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

D. "Bodily injury" means bodily harm, sickness or disease, including death that results.

E. "Business" includes trade, profession or occupation.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. "Occupying" means:
1. In;
2. Upon; or
3. Getting in, on, out or off.

H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

I. "Trailer" means a vehicle designed to be pulled by a:
1. Private passenger auto; or
2. Pickup or van.
It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

J. "Your covered auto" means:
1. Any vehicle shown in the Declarations.

PP 00 01 01 05     Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

2. A "newly acquired auto".

3. Any "trailer" you own.

4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    a. Breakdown;

    b. Repair;

    c. Servicing;

    d. Loss; or

    e. Destruction.

This Provision (J.4.) does not apply to Coverage For Damage To Your Auto.

K. "Newly acquired auto":

1. "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

    a. A private passenger auto; or

    b. A pickup or van, for which no other insurance policy provides coverage, that:

        (1) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and

        (2) Is not used for the delivery or transportation of goods and materials unless such use is:

            (a) Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or

            (b) For farming or ranching.

2. Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.

    a. For any coverage provided in this policy except Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 14 days after you become the owner.

    If a "newly acquired auto" replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

    b. Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

        (1) 14 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

        (2) Four days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.

    c. Other Than Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

        (1) 14 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

**(2)** Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

## PART A – LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B.** "Insured" as used in this Part means:
   1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
   2. Any person using "your covered auto".
   3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
   4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an "insured":

   1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.
   2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
   3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
   4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
   5. Other reasonable expenses incurred at our request.

These payments will not reduce the limit of liability.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any "insured":

   1. Who intentionally causes "bodily injury" or "property damage".

   2. For "property damage" to property owned or being transported by that "insured".

PP 00 01 01 05                          Copyright, Insurance Services Office, Inc.
                              Unitrin Direct Property & Casualty Company

3. For "property damage" to property:
   a. Rented to;
   b. Used by; or
   c. In the care of;
   that "insured".
   This Exclusion (A.3.) does not apply to "property damage" to a residence or private garage.

4. For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the "business" of:
   a. Selling;
   b. Repairing;
   c. Servicing;
   d. Storing; or
   e. Parking;
   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   This Exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:
   a. You;
   b. Any "family member"; or
   c. Any partner, agent or employee of you or any "family member".

7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6.

   This Exclusion (A.7.) does not apply to the maintenance or use of a:
   a. Private passenger auto;
   b. Pickup or van; or
   c. "Trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "family member" using "your covered auto" which is owned by you.

9. For "bodily injury" or "property damage" for which that "insured":
   a. Is an insured under a nuclear energy liability policy; or
   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:
   a. Nuclear Energy Liability Insurance Association;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

1. Any vehicle which:
   a. Has fewer than four wheels; or
   b. Is designed mainly for use off public roads.

   This Exclusion (B.1.) does not apply:
   a. While such vehicle is being used by an "insured" in a medical emergency;
   b. To any "trailer"; or
   c. To any non-owned golf cart.

2. Any vehicle, other than "your covered auto", which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:
   a. Owned by any "family member"; or
   b. Furnished or available for the regular use of any "family member".

   However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:
   a. Owned by a "family member"; or
   b. Furnished or available for the regular use of a "family member".

4. Any vehicle, located inside a facility designed for racing, for the purpose of:
   a. Competing in; or
   b. Practicing or preparing for;
   any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part B or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A.  If the state or province has:

   1.  A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
   2.  A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B.  No one will be entitled to duplicate payments for the same elements of loss.

### FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

### OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance.

## PART B – MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A.  We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":

   1.  Caused by accident; and
   2.  Sustained by an "insured".

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B.  "Insured" as used in this Part means:
   1.  You or any "family member":
      a.  While "occupying"; or
      b.  As a pedestrian when struck by;
          a motor vehicle designed for use mainly on public roads or a trailer of any type.
   2.  Any other person while "occupying" "your covered auto".

## EXCLUSIONS

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":
   1.  Sustained while "occupying" any motorized vehicle having fewer than four wheels.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

2. Sustained while "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion (2.) does not apply to a share-the-expense car pool.

3. Sustained while "occupying" any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.

6. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   a. Owned by any "family member"; or
   b. Furnished or available for the regular use of any "family member".
   However, this Exclusion (6.) does not apply to you.

7. Sustained while "occupying" a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (7.) does not apply to a "family member" using "your covered auto" which is owned by you.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured".
   This Exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:
   a. Private passenger auto;
   b. Pickup or van; or
   c. "Trailer" used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:
   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. Nuclear reaction;
    b. Radiation; or
    c. Radioactive contamination.

11. Sustained while "occupying" any vehicle located inside a facility designed for racing, for the purpose of:
    a. Competing in; or
    b. Practicing or preparing for;
    any prearranged or organized racing or speed contest.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part A or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

## PART C – UNINSURED MOTORISTS COVERAGE

*INSURING AGREEMENT*

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:
1. You or any "family member".
2. Any other person "occupying" "your covered auto".
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.
3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. You or any "family member";
   b. A vehicle which you or any "family member" are "occupying"; or

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

    c.  "Your covered auto".
4.  To which a bodily injury liability bond or policy applies at the time of the accident but the
bonding or insuring company:
    a.  Denies coverage; or
    b.  Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1.  Owned by or furnished or available for the regular use of you or any "family member".
2.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer
which is or becomes insolvent.
3.  Owned by any governmental unit or agency.
4.  Operated on rails or crawler treads.
5.  Designed mainly for use off public roads while not on public roads.
6.  While located for use as a residence or premises.

## EXCLUSIONS

A.  We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
1.  By an "insured" while "occupying", or when struck by, any motor vehicle owned by that
"insured" which is not insured for this coverage under this policy. This includes a trailer of any
type used with that vehicle.
2.  By any "family member" while "occupying", or when struck by, any motor vehicle you own
which is insured for this coverage on a primary basis under any other policy.

B.  We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":
1.  If that "insured" or the legal representative settles the "bodily injury" claim and such settlement
prejudices our right to recover payment.
2.  While "occupying" "your covered auto" when it is being used as a public or livery conveyance.
This Exclusion (B.2.) does not apply to a share-the-expense car pool.
3.  Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion
(B.3.) does not apply to a "family member" using "your covered auto" which is owned by you.

C.  This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of
the following or similar law:
1.  Workers' compensation law; or
2.  Disability benefits law.

D.  We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

A.  The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is
our maximum limit of liability for all damages, including damages for care, loss of services or death,
arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for
each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists
Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one
accident.

This is the most we will pay regardless of the number of:
1.  "Insureds";
2.  Claims made;

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part A or Part B of this policy; or
   2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or
2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:
   1. Pay the expenses it incurs; and
   2. Bear the expenses of the third arbitrator equally.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D -- COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision":

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

C. "Non-owned auto" means:

1. Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member"; or
2. Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:
   a. Breakdown;

Policy Number:.

PP 00 01 01 05                                Copyright, Insurance Services Office, Inc.
                                Unitrin Direct Property & Casualty Company

b. Repair;
c. Servicing;
d. Loss; or
e. Destruction.

## TRANSPORTATION EXPENSES

A. In addition, we will pay, without application of a deductible, up to a maximum of $600 for:

1. Temporary transportation expenses not exceeding $20 per day incurred by you in the event of a loss to "your covered auto". We will pay for such expenses if the loss is caused by:
   a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   b. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

2. Expenses for which you become legally responsible in the event of loss to a "non-owned auto". We will pay for such expenses if the loss is caused by:
   a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for any "your covered auto".
   b. "Collision" only if the Declarations indicate that Collision Coverage is provided for any "your covered auto".

   However, the most we will pay for any expenses for loss of use is $20 per day.

B. Subject to the provisions of Paragraph A., if the loss is caused by:

1. A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:
   a. Beginning 48 hours after the theft; and
   b. Ending when "your covered auto" or the "non-owned auto" is returned to use or we pay for its loss.
2. Other than theft of a "your covered auto" or a "non-owned auto", we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

   Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

## EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This Exclusion (1.) does not apply to a share-the-expense car pool.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.

   This Exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".

---

Policy Number:                                                                                                      Page 12

PP 00 01 01 05                              Copyright, Insurance Services Office, Inc.
                                        Unitrin Direct Property & Casualty Company

3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.

4. Loss to any electronic equipment that reproduces, receives or transmits audio, visual or data signals. This includes but is not limited to:
   a. Radios and stereos;
   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.

   This Exclusion (4.) does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".

5. Loss to tapes, records, disks or other media used with equipment described in Exclusion 4.

6. A total loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities.

   This Exclusion (6.) does not apply to the interests of Loss Payees in "your covered auto".

7. Loss to:
   a. A "trailer", camper body, or motor home, which is not shown in the Declarations; or
   b. Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
      (1) Cooking, dining, plumbing or refrigeration facilities;
      (2) Awnings or cabanas; or
      (3) Any other facilities or equipment used with a "trailer", camper body, or motor home.

   This Exclusion (7.) does not apply to a:
   a. "Trailer", and its facilities or equipment, which you do not own; or
   b. "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:
      (1) Acquire during the policy period; and
      (2) Ask us to insure within 14 days after you become the owner.

8. Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

9. Loss to equipment designed or used for the detection or location of radar or laser.

PP 00 01 01 05                          Copyright, Insurance Services Office, Inc.
                               Unitrin Direct Property & Casualty Company

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
  a. Special carpeting or insulation;
  b. Furniture or bars;
  c. Height-extending roofs; or
  d. Custom murals, paintings or other decals or graphics.

  This Exclusion (10.) does not apply to a cap, cover or bedliner in or upon any "your covered auto" which is a pickup.

11. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:
  a. Selling;
  b. Repairing;
  c. Servicing;
  d. Storing; or
  e. Parking;
  vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to "your covered auto" or any "non-owned auto", located inside a facility designed for racing, for the purpose of:
  a. Competing in; or
  b. Practicing or preparing for;
  any prearranged or organized racing or speed contest.

13. Loss to, or loss of use of, a "non-owned auto" rented by:
  a. You; or
  b. Any "family member";
  if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "family member", pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:
  1. Actual cash value of the stolen or damaged property; or
  2. Amount necessary to repair or replace the property with other property of like kind and quality.

  However, the most we will pay for loss to:
  1. Any "non-owned auto" which is a trailer is $1500.
  2. Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

PP 00 01 01 05
Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

### NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the "non-owned auto";
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

### APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E – DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as we reasonably require:

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

   a. To physical exams by physicians we select. We will pay for these exams.
   b. To examination under oath and subscribe the same.
  4. Authorize us to obtain:
   a. Medical reports; and
   b. Other pertinent records.
  5. Submit a proof of loss when required by us.

**C.** A person seeking Uninsured Motorists Coverage must also:
  1. Promptly notify the police if a hit-and-run driver is involved.
  2. Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage For Damage To Your Auto must also:
  1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.
  2. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.
  3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

### PART F – GENERAL PROVISIONS

---

**BANKRUPTCY**

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

**CHANGES**

**A.** This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
  1. The number, type or use classification of insured vehicles;
  2. Operators using insured vehicles;
  3. The place of principal garaging of insured vehicles;
  4. Coverage, deductible or limits.

If a change resulting from A. or B. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This Paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:
  1. A subsequent edition of your policy; or
  2. An Amendatory Endorsement.

**FRAUD**

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

PP 00 01 01 05         Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

**LEGAL ACTION AGAINST US**

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:
1. We agree in writing that the "insured" has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.

However, our rights in this Paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment.

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur:
1. During the policy period as shown in the Declarations; and
2. Within the policy territory.

B. The policy territory is:
1. The United States of America, its territories or possessions;
2. Puerto Rico; or
3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

**TERMINATION**

A. *Cancellation*

This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   a. Returning this policy to us; or
   b. Giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

PP 00 01 01 05                           Copyright, Insurance Services Office, Inc.
                                   Unitrin Direct Property & Casualty Company

    **a.** At least 10 days notice:

       **(1)** If cancellation is for nonpayment of premium; or

       **(2)** If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

    **b.** At least 20 days notice in all other cases.

**3.** After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

    **a.** For nonpayment of premium; or

    **b.** If your driver's license or that of:

       **(1)** Any driver who lives with you; or

       **(2)** Any driver who customarily uses "your covered auto";

    has been suspended or revoked. This must have occurred:

       **(1)** During the policy period; or

       **(2)** Since the last anniversary of the original effective date if the policy period is other than 1 year; or

    **c.** If the policy was obtained through material misrepresentation.

**B. Nonrenewal**

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

**2.** 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

**3.** 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**C. Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions**

**1.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
   1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
   2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

B. Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

Timothy J. Wiebe
Secretary
Unitrin Direct Property & Casualty Company

Scott Carter
President
Unitrin Direct Property & Casualty Company

## AMENDMENT OF POLICY PROVISIONS – FLORIDA

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### DEFINITIONS

The following is added to the **Definitions** Section:

Throughout the policy, "minimum limits" refers to the following limits of liability as required by Florida law, to be provided under a policy of automobile liability insurance:

1. If liability coverage under this policy is provided on a single limit basis, $30,000 for each accident; or
2. If liability coverage under this policy is provided on a split limit basis:
   a. $10,000 for each person, subject to $20,000 for each accident, with respect to "bodily injury"; and
   b. $10,000 for each accident with respect to "property damage".

### PART A – LIABILITY COVERAGE

The **Other Insurance** Provision of Part A is replaced by the following:

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance.

However, we will provide primary insurance for a vehicle you do not own if:

1. The vehicle is leased by you under a written rental or lease agreement; and
2. The face of the rental or lease agreement contains, in at least 10-point type, the following language:

   The valid and collectible liability insurance of any authorized rental or leasing driver is primary for the limits of liability coverage required by FLA. STAT. SECTION 324.021(7).

### PART D – COVERAGE FOR DAMAGE TO YOUR AUTO

Part **D** is amended as follows:

A. The following is added to the **Insuring Agreement**:

   **INSURING AGREEMENT**

   We will pay under Other Than Collision Coverage for the cost of repairing or replacing the damaged windshield on "your covered auto" without a deductible. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

B. The Appraisal Provision of Part **D** is replaced by the following:

APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. Upon notice of a demand for appraisal, the opposing party may, prior to appraisal, demand mediation of the dispute in accordance with the Mediation provision contained in Part F of the policy. The mediation must be completed before a demand for appraisal can be made.

B. In the event of a demand for appraisal, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   1. Pay its chosen appraiser; and

   2. Bear the expenses of the appraisal and umpire equally.

C. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART F – GENERAL PROVISIONS

*Part F is amended as follows:*

A. The Termination Provision is replaced by the following:

**TERMINATION**

**Cancellation**

This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. Returning this policy to us; or

   b. Giving us advance written notice of the date cancellation is to take effect.

2. The named insured:

   a. May not cancel this policy, if this policy provides Personal Injury Protection and Liability Coverage, during the first 60 days immediately following the date of issuance or renewal unless:

      (1) "Your covered auto" has been totally destroyed so that it is no longer operable on the roads of Florida; or

      (2) The named insured transfers ownership of "your covered auto"; or

      (3) The named insured obtains other insurance on "your covered auto"; or

      (4) The named insured is a member of the United States Armed Forces and is called to or on active duty outside the United States in an emergency situation.

   b. May cancel for any reason after this policy is in effect for 60 days.

3. If this is a new policy, we will not cancel for nonpayment of premium during the first 60 days following the date of issuance. However, we may cancel if a check used to pay us is dishonored for any reason.

4. After this policy is in effect for 60 days, we will cancel only:

   a. For nonpayment of premium; or

   b. If your driver's license or that of:

      (1) Any driver who lives with you; or

      (2) Any driver who customarily uses "your covered auto";

      has been suspended or revoked. This must have occurred during:

      (1) The policy period; or

---

PP 01 84 0105                          *Copyright, Insurance Services Office, Inc.*
                        Unitrin Direct Property & Casualty Company

(2) The 180 days immediately preceding the original effective date of the policy; or

c. If the policy was obtained through material misrepresentation or fraud.

5. Except as provided in Section 6., we may cancel by mailing by registered or certified mail or United States Post Office proof of mailing to the named insured shown in the Declarations at the address shown in the policy:

a. At least 10 days notice if cancellation is for nonpayment of premium; or

b. At least 45 days notice in all other cases.

6. In the event we determine that you have been charged an incorrect premium for coverage requested in your application for insurance, we shall immediately mail you notice of any additional premium due us. If within 15 days of the notice of additional premium due (or a longer time period as specified in the notice), you fail to either:

a. Pay the additional premium and maintain this policy in full force under its original terms; or

b. Cancel this policy and demand a refund of any unearned premium;

then this policy shall be cancelled effective 15 days from the date of the notice (or a longer time period as specified in the notice).

## Nonrenewal

If we decide not to renew or continue this policy we will mail advance notice to the named insured shown in the Declarations at the address shown in this policy at least 45 days before the end of the policy period. Notice will be mailed by registered or certified mail or United States Post Office proof of mailing. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

We will not refuse to renew or continue this policy solely because:

1. You were convicted of one or more traffic violations which did not involve an accident or cause revocation or suspension of your driving privilege unless you have been convicted of, or plead guilty to:

a. Two such traffic violations within an 18 month period;

b. Three or more such traffic violations within a 36 month period; or

c. Exceeding the lawful speed limit by more than 15 miles per hour; or

2. You have had an accident. However, we may refuse to renew or continue this policy if, at the time of nonrenewal, you have had two or more at-fault accidents, or three or more accidents regardless of fault, within the current 3-year period.

## Automatic Termination

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

## Other Termination Provisions

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

**B.** The following provision is added:

**MEDIATION**

In any claim filed with us for:

1. Loss resulting from "bodily injury" in an amount of $10,000 or less;

2. "Property damage"; or

3. Loss to "your covered auto" or any "non-owned auto";

either party may demand mediation of the claim, prior to taking legal action, by filing a written request with the Department of Financial Service on a form which may be obtained from the Department. The request must state:

1. Why mediation is being requested; and

2. The issues in dispute which are to be mediated.

Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

The Department shall randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference, which will be held within 45 days of the request for mediation. The conference may be held by telephone, if feasible.

The mediation shall be conducted as an informal process and formal rules of evidence and procedure need not be observed. Participants must:

1. Have authority to make a binding decision; and

2. Mediate in good faith.

Costs of the mediation shall be shared equally by both parties unless the mediator determines that one party has not mediated in good faith.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

# AMENDMENT OF POLICY PROVISIONS PART D -- COVERAGE FOR DAMAGE TO YOUR AUTO

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

1. Transportation Expenses

   A. Paragraphs A and B Transportation Expenses are replaced by the following:

   We will pay for transportation costs if "your covered auto" covered by this Part is stolen. Transportation costs shall not exceed $20 per day. The payment period begins 48 hours after you tell us of the theft and notify the police. This period ends when:
   1. we pay for the loss; or
   2. "your covered auto" is returned to use; or
   3. we have paid $600.

2. Exclusions

   A. Exclusion 10 does not apply.

3. Limit of Liability is replaced by the following: ·

   A. Our limit of liability for loss will be the lesser of the:
   1. Actual cash value of the stolen or damaged property; or
   2. Amount necessary to repair or replace the property with other property of like kind and quality.

   However, the most we will pay for loss to:
   1. Any "non-owned auto" which is a trailer is $1500.
   2. Custom Equipment is $1000. Custom Equipment as used in this part means: equipment, devices, accessories, enhancements, and changes, other than those installed by the original manufacturer, that are permanently installed or attached and alter the appearance or performance of a vehicle. This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or play back recorded media.

   B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

   C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

# AMENDMENT OF TERMINATION AND CHANGES PROVISIONS – WHEN DRIVING PRIVILEGES ARE REINSTATED AFTER SUSPENSION/REVOCATION – FLORIDA

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### PART F – GENERAL PROVISIONS

Part F is amended as follows:

A. The following is added to the Changes Provision:

After this policy is in effect for 30 days, the coverage provided under this policy and the risk covered by this policy may not be changed during the policy period. If an insured requires additional coverage, or coverage for an additional risk is needed, a new noncancelable policy must be issued.

B. The **Termination** Provision is replaced by the following:

### TERMINATION

#### Cancellation

1. The named insured shown in the Declarations may not cancel this policy.

2. We may cancel during the first 30 days this policy is in effect by mailing by registered or certified mail, or United States Post Office proof of mailing to the named insured shown in the Declarations at the address shown in the policy:

   a. At least 10 days notice if cancellation is for nonpayment of premium; or

   b. At least 45 days notice in all other cases.

3. After this policy is in effect for 30 days, we may not cancel this policy for any reason, except if your driver's license or that of:

   a. Any driver who lives with you; or

   b. Any driver who customarily uses "your covered auto";

   has been suspended or revoked. This must have occurred during the policy period.

#### Nonrenewal

If we decide not to renew or continue this policy we will mail advance notice to the named insured shown in the Declarations at the address shown in this policy at least 45 days before the end of the policy period. Notice will be mailed by registered or certified mail or United States Post Office proof of mailing. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

We will not refuse to renew or continue this policy solely because:

1. You were convicted of one or more traffic violations which did not involve an accident or cause revocation or suspension of your driving privilege unless you have been convicted of or plead guilty to:

   a. Two such traffic violations within an 18 month period;

   b. Three or more such traffic violations within a 36 month period; or

   c. Exceeding the lawful speed limit by more than 15 miles per hour; or

*PP 02 51 12 05*      Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

2. You have had an accident. However, we may refuse to renew or continue this policy if, at the time of nonrenewal, you have had two or more at-fault accidents, or three or more accidents regardless of fault, within the current 3-year period.

## Automatic Termination

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

## Other Termination Provisions

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund as follows:

   a. If this policy is cancelled by us, we will send you the refund within 15 days after the effective date of cancellation.

   b. If this policy is cancelled by you, we will send you the refund within 30 days after the later of the:

   (1) Effective date of cancellation; or

   (2) Receipt of notice or request for cancellation.

   The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

4. After this policy is in effect for 30 days, the premium is fully earned, and you will not be entitled to a premium refund. However, if you must obtain a new noncancelable policy, and the policy is issued by us, you may receive credit on the new policy for any premium paid under this policy.

Copyright, Insurance Services Office, Inc.

Unitrin Direct Property & Casualty Company

## FEDERAL EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS

The following are not **insured's** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to **bodily injury** or **property damage** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **bodily injury** or **property damage**.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

# FULL WINDSHIELD COVERAGE

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### PART D – COVERAGE FOR DAMAGE TO YOUR AUTO

The first paragraph of the Insuring Agreement in Part D is amended by the addition of the following:

We will pay under Other Than Collision Coverage for the cost of repairing or replacing the damaged windshield on "your covered auto" without a deductible. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

PP 03 25 06 94                           Copyright, Insurance Services Office, Inc.
                              Unitrin Direct Property & Casualty Company

# UNINSURED MOTORISTS COVERAGE – FLORIDA (NON-STACKED)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### PART C – UNINSURED MOTORISTS COVERAGE

Part C is replaced by the following:

**INSURING AGREEMENT**

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

   1. Sustained by an "insured"; and

   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:

   1. You or any "family member".

   2. Any other person "occupying" "your covered auto".

   3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:

      a. You or any "family member";

      b. A vehicle which you or any "family member" are "occupying"; or

      c. "Your covered auto".

      If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.

   4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

      a. Denies coverage; or

      b. Is or becomes insolvent within four years of the date of the accident.

   However, "uninsured motor vehicle" does not include any vehicle or equipment:

   1. Owned by or furnished or available for the regular use of you or any "family member" unless it is a "your covered auto" to which Part A of the policy applies and liability coverage is excluded for any person other than you or any "family member" for damages sustained in the accident by you or any "family member".

   2. Owned by any governmental unit or agency.

3. Operated on rails or crawler treads.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

1. By an "insured" while "occupying" any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any "family member" while "occupying" any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":

1. If that "insured" or the legal representative settles the "bodily injury" claim and such settlement prejudices our right to recover payment.

   However, this Exclusion (B.1.) does not apply to a settlement made with the insurer of a vehicle described in Section 2. of the definition of "uninsured motor vehicle".

2. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion (B.2.) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.3.) does not apply to a "family member" using "your covered auto" which is owned by you.

4. With respect to damages for pain, suffering, mental anguish or inconvenience unless the "bodily injury" consists in whole or in part of:

   a. Significant and permanent loss of an important bodily function;

   b. Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement;

   c. Significant and permanent scarring or disfigurement; or

   d. Death.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

**D.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

**A.** When the "insured" is "occupying" "your covered auto" at the time of the accident:

1. The limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that "your covered auto" is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in that accident; and

2. Subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that "your covered auto" is our maximum limit of liability for all damages for "bodily injury" resulting from that accident.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

**B.** When the "insured" is not "occupying" "your covered auto" at the time of the accident:

   **1.** The highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of "your covered autos" is our maximum limit of liability for all damages, including damages for care, loss for services or death, arising out of "bodily injury" sustained by any one person in that accident; and

   **2.** Subject to this limit for each person, the highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of "your covered autos" is our maximum limit of liability for all damages for "bodily injury" resulting from that accident.

   This is the most we will pay regardless of the number of:

   **1.** "Insureds";

   **2.** Claims made;

   **3.** Vehicles or premiums shown in the Declarations; or

   **4.** Vehicles involved in the accident.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   **1.** Part A of this policy;

   **2.** No-fault coverage; or

   **3.** Automobile medical payments coverage.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   **1.** Workers' compensation law; or

   **2.** Disability benefits law.

**F.** With respect to coverage under Paragraph 2. of the definition of "uninsured motor vehicle", we will reduce the "insured's" total damages by any amount available to that "insured", under any bodily injury liability bonds or policies applicable to the "uninsured motor vehicle", that such "insured" did not recover as a result of a settlement between that "insured" and the insurer of an "uninsured motor vehicle". However, any reduction of the "insured's" total damages will not reduce the limit of liability for this coverage.

   This Paragraph (F.) shall not apply if we advance payment to the "insured" in an amount equal to the tentative settlement with the insurer of the "uninsured motor vehicle".

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

   **1.** Any recovery for damages sustained by you or any "family member":

   **a.** While occupying a vehicle owned by you or any "family member" may equal, but not exceed, the limit of liability for Uninsured Motorists Coverage applicable to that vehicle;

   **b.** While occupying a vehicle not owned by you or any "family member" may equal, but not exceed, the sum of:

   **(1)** The limit of liability for Uninsured Motorists Coverage applicable to the vehicle you or any "family member" were occupying at the time of the accident; and

   **(2)** The highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any "family member";

PP 04 42 01 05
Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

   c. While not occupying any vehicle may equal, but not exceed, the highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any "family member".

2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", will be excess over any other collectible insurance providing such coverage on a primary basis.

3. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## ARBITRATION

A. If we and an "insured" do not agree:

   1. Whether that "insured" is legally entitled to recover damages; or

   2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle" then the matter may be:

   1. Mediated, in accordance with the Mediation provision contained in Part F of the policy, if the damages resulting from "bodily injury" are for $10,000 or less; or

   2. Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

If either party demands mediation, the mediation must be completed before arbitration can occur.

B. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

C. Each party will:

   1. Pay the expenses it incurs; and

   2. Bear the expenses of the third arbitrator equally.

D. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

   1. Whether the "insured" is legally entitled to recover damages; and

   2. The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an "insured" agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section 2. of the definition of "uninsured motor vehicle" must also promptly:

   1. Send us copies of the legal papers if a suit is brought; and

   2. Notify us in writing by certified or registered mail of a tentative settlement between the "insured" and the insurer of the "uninsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "uninsured motor vehicle".

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## PART F – GENERAL PROVISIONS

The following is added to the Our Right To Recover Payment Provision in Part F:

### OUR RIGHT TO RECOVER PAYMENT

Our rights do not apply under Paragraph A. with respect to coverage under Section 2. of the definition of "uninsured motor vehicle" if we:

1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "uninsured motor vehicle"; and

2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

# PERSONAL INJURY PROTECTION COVERAGE – FLORIDA

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## SCHEDULE

| Benefits | Limit Of Liability |
|---|---|
| Medical Expenses | No specific dollar amount |
| Work Loss | No specific dollar amount |
| Replacement Services | No specific dollar amount |
| Accidental Death | $   5,000 |
| Maximum Limit For The Total Of All Personal Injury Protection Benefits | $  10,000 |

### Personal Injury Protection Coverage Deductible

As indicated below or in the Declarations, the total amount of medical expenses, work loss and replacement services expenses are subject to a deductible of  $              applicable to:

☐ The "named insured".

☐ The "named insured" and any dependent "family member".

### Exclusion Of Work Loss

Work loss does not apply as indicated below or in the Declarations:

☐ Work loss will not be provided for the "named insured".

☐ Work loss will not be provided for the "named insured" and any dependent "family member".

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

## DEFINITIONS

The Definitions Section is amended as follows:

A. For the purposes of this endorsement, a "motor vehicle" shall be deemed to be owned by a person if that person:

   1. Holds the legal title to such vehicle.

   2. Is a debtor having the right to possession, if such vehicle is the subject of a security agreement.

   3. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      a. Has an option to purchase; and

      b. Is for a period of at least 6 months.

   4. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      a. Does not have an option to purchase;

      b. Is for a period of at least 6 months; and

      c. Requires the lessee to secure insurance.

B. The following definitions are replaced:

   1. "Family member" means a person related to the "named insured" by blood, marriage or adoption who is usually a resident of the "named insured's" household. This includes a ward or foster child.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

2. "Occupying" means:

a. In or upon;

b. Entering into; or

c. Alighting from.

3. "Your covered auto" means a "motor vehicle" owned by the "named insured" and for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and either:

a. A premium is charged; or

b. It is a trailer, other than a mobile home, designed for use with a "motor vehicle".

C. The following definitions are added:

1. "Medically necessary" refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing or treating an illness, injury, disease or symptom in a manner that is:

a. In accordance with the generally accepted standards of medical practice;

b. Clinically appropriate in terms of type, frequency, extent, site and duration; and

c. Not primarily for the convenience of the patient, physician or other health care provider.

2. "Motor vehicle" means:

a. Any self-propelled vehicle with 4 or more wheels which is:

(1) Designed; and

(2) Required to be licensed;

for use on Florida highways.

b. Any trailer or semitrailer designed for use with such vehicle.

However, "motor vehicle" does not include:

a. Any motor vehicle which is:

(1) Used in mass transit other than public school transportation;

(2) Designed to transport more than 5 passengers (excluding the operator); and

(3) Owned by a:

(a) Municipality;

(b) Transit authority; or

(c) Political subdivision of the state.

b. A mobile home.

3. "Named insured" means:

a. The person named in the Declarations; or

b. That person's spouse, if a resident of the same household.

4. "Pedestrian" means a person who is not "occupying" a self-propelled vehicle.

D. "Insured" as used in this endorsement means:

1. The "named insured" or any "family member" while:

a. "Occupying" a "motor vehicle"; or

b. A "pedestrian" struck by a "motor vehicle".

2. Any other person while:

a. "Occupying" "your covered auto"; or

b. A "pedestrian" struck by "your covered auto".

Copyright, Insurance Services Office, Inc.

Unitrin Direct Property & Casualty Company

## PERSONAL INJURY PROTECTION COVERAGE

### INSURING AGREEMENT

A. We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a "motor vehicle".

B. Subject to the limits shown in the Schedule or Declarations, personal injury protection benefits consist of the following:

1. **Medical expenses.** 80% of reasonable expenses for "medically necessary":

   a. Medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services; and

   b. Prosthetic devices.

   Medical expenses also include necessary remedial treatment and services recognized and permitted under state law for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with that "insured's" religious beliefs. However, the payment of these medical expenses shall not affect the determination of what other medical expenses are "medically necessary".

2. **Work loss.** With respect to the period of disability of an "insured", 60% of any loss of income and earning capacity from that "insured's" inability to work due to "bodily injury". However, work loss does not include any loss after an "insured's" death.

3. **Replacement services.** With respect to the period of disability of an "insured", all expenses reasonably incurred in obtaining ordinary and necessary services from others instead of those that the "insured" would have performed, without income, for the benefit of his household had he not sustained "bodily injury".

4. **Accidental death.** A death benefit.

### EXCLUSIONS

A. We do not provide Personal Injury Protection Coverage for any "insured":

1. While operating "your covered auto" without the "named insured's" express or implied consent.

2. If that "insured's" conduct contributed to his "bodily injury" under any of the following circumstances:

   a. Intentionally causing "bodily injury" to himself; or

   b. While committing a felony.

3. Other than the "named insured", if that "insured" owns a "motor vehicle" for which security is required under the Florida Motor Vehicle No-Fault Law.

4. Other than the "named insured" or any "family member", who is entitled to personal injury protection benefits from a person who owns a "motor vehicle" which is not a "your covered auto" under this policy, or from that vehicle owner's policy.

5. Who sustains "bodily injury" while "occupying" a "motor vehicle" located for use as a residence or premises.

B. We do not provide Personal Injury Protection Coverage for:

1. The "named insured" or any "family member" while "occupying" a "motor vehicle" which is:

   a. Owned by the "named insured"; and

   b. Not a "your covered auto" under this policy.

2. Any "pedestrian", other than the "named insured" or any "family member" who is not a legal resident of Florida.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## LIMIT OF LIABILITY

**A.** The limits of liability shown in the Schedule or Declarations for Personal Injury Protection Coverage are the most we will pay to or for each "insured" injured in any one accident, regardless of the number of:

**1.** "Insureds";

**2.** Policies or bonds applicable;

**3.** Vehicles involved; or

**4.** Claims made.

The maximum limit of liability for the total of all personal injury protection benefits shown in the Schedule or Declarations is the total aggregate limit for personal injury protection benefits available, to or for each "insured" injured in any one accident, from all sources combined, including this policy.

**B.** Any amounts payable under this coverage shall be reduced by any amounts paid or payable for the same elements of loss under any workers' compensation law.

**C.** The amount of any deductible shown in the Schedule or Declarations shall be deducted from the total amount of expenses and losses listed in Paragraphs B.1., B.2. and B.3. of the Personal Injury Protection Coverage Insuring Agreement, before the application of any percentage limitation for each "insured" to whom the deductible applies.

Accidental death is not subject to a deductible.

**D.** Any amounts payable under this coverage with respect to the following medical expenses shall not exceed the applicable limitations for such expenses as prescribed by the Florida Motor Vehicle No-Fault Law:

**1.** Cephalic thermograms;

**2.** Extremity ultrasounds;

**3.** Magnetic resonance imaging services;

**4.** Nerve conduction testing;

**5.** Peripheral thermograms;

**6.** Spinal ultrasounds;

**7.** Surface electromyography; and

**8.** Video fluoroscopy.

## OTHER INSURANCE

**A.** No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an "insured" receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.

**B.** If an "insured" sustains "bodily injury" while:

**1.** "Occupying"; or

**2.** Struck by a "motor vehicle" rented or leased under a rental or lease agreement;

the personal injury protection benefits afforded under the lessor's policy shall be primary.

This Provision (B.) does not apply if the face of the rental or lease agreement contains, in at least 10-point type, the following language:

The valid and collectible personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by FLA. STAT. SECTION 627.736.

---

Policy Number:

PP 05 54 0105

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## PART E – DUTIES AFTER AN ACCIDENT OR LOSS

Part E is replaced by the following:

### DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking Personal Injury Protection Coverage must:

A.  In the event of an accident, provide prompt written notice of loss to us or our authorized agent.

B.  Promptly forward to us a copy of the:
   1. Summons and complaint; or
   2. Other process;

   served in connection with any legal action that person takes against a third party to recover damages for "bodily injury".

C.  Promptly give us written proof of claim, under oath if required. Such proof shall include:
   1. Full details of the nature and extent of the injuries and treatment received and contemplated; and
   2. Any other information which may assist us in determining the amount due and payable.

D.  Submit as often as we reasonably require to mental or physical exams. We will:
   1. Pay for these exams; and
   2. Forward a copy of the medical report to that person if requested.

   If that person unreasonably refuses to submit to an exam, we will not be liable for subsequent personal injury protection benefits.

## PART F – GENERAL PROVISIONS

Part F is amended as follows:

A.  The Fraud Provision is replaced by the following:

   FRAUD

   We do not provide Personal Injury Protection Coverage for an "insured" if that "insured" has committed, by a material act or omission, any insurance fraud relating to Personal Injury Protection Coverage under this policy, if the fraud is admitted to in a sworn statement by the "insured" or if the fraud is established in a court of competent jurisdiction.

   Any insurance fraud shall void all Personal Injury Protection Coverage arising from the claim with respect to the "insured" who committed the fraud. Any benefits paid prior to the discovery of that "insured's" fraud shall be recoverable from that "insured".

B.  Paragraph A. of the Legal Action Against Us Provision is replaced by the following:

### LEGAL ACTION AGAINST US

A.  No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, no legal action may be brought against us:

PP 05 54 0105                                      Copyright, Insurance Services Office, Inc.
                                      Unitrin Direct Property & Casualty Company

1. Until the claim for benefits is overdue in accordance with the provisions of Paragraph E.1. of Part F; and

2. Until a demand letter is provided to us in accordance with the requirements of the Florida Motor Vehicle No-Fault Law; and

3. With respect to the overdue claim specified in the demand letter, if we have:

   a. Paid the overdue claim; or

   b. Agreed to pay for future treatment not yet rendered;

   within 15 days from the date of receipt of the demand letter by us, in accordance with the requirements of the Florida Motor Vehicle No-Fault Law.

   The demand letter shall be mailed to us by U.S. certified mail or registered mail, return receipt requested.

C. Paragraph B. of the **Policy Period And Territory** Provision is replaced by the following:

### POLICY PERIOD AND TERRITORY

B. The policy territory is:

1. Florida.

2. The United States of America, its territories or possessions or Canada.

   This Provision (B.2.) applies only to:

   a. The "named insured" or any "family member" while "occupying" "your covered auto"; or

   b. The "named insured" while "occupying" a "motor vehicle":

      (1) Owned by any "family member"; and

      (2) For which security is maintained as required by the Florida Motor Vehicle No-Fault Law.

D. The **Our Right To Recover Payment** Provision is replaced by the following:

### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:

1. Execute and deliver instruments and papers and do whatever else is necessary to secure our rights; and

2. Do nothing after loss to prejudice these rights.

B. If we make a payment under this coverage and the person to or for whom payment was made sustained "bodily injury" while:

1. "Occupying"; or

2. A "pedestrian" struck by;

a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, we shall, to the extent of our payment, be entitled to reimbursement from the person who owns such motor vehicle or that person's insurer.

PP 05 54 0105                        Copyright, Insurance Services Office, Inc.
                          Unitrin Direct Property & Casualty Company

E. The following provisions are added:

## PAYMENT OF BENEFITS

1. Benefits payable under this coverage will be overdue if not paid within 30 days after written notice of loss and the amount of loss have been filed with us in accordance with the provisions of the Florida Motor Vehicle No-Fault law.

2. We may, at our option, pay any medical expense benefits to the:

   a. "Insured"; or
   b. Person or organization providing services or supplies for such benefits.

   However, we will not pay:

   a. A claim or charges for such benefits made by a:

      (1) Broker, as defined in the Florida Motor Vehicle No-Fault Law; or
      (2) Person making the claim on behalf of such broker.

   b. Any charge or reimbursement made by or on behalf of a clinic that is required to be licensed with the Agency For Health Care Administration:

      (1) But is not so licensed; or
      (2) That is otherwise operating in violation of the Florida Health Care Clinic Act.

   c. A claim or charges for such benefits:

      (1) For any service or treatment that was not lawful at the time rendered;
      (2) To any person who knowingly submits a false or misleading statement relating to the claim or charges;
      (3) With respect to a bill or statement that does not substantially meet the applicable requirements of FLA. STAT. SECTION 627.736(5)(d);
      (4) For any service or treatment that is:

         (a) Upcoded; or
         (b) That is unbundled when such treatment or service should be bundled;

         in accordance with the provisions of the Florida Motor Vehicle No-Fault Law;

      (5) For any medical services or treatment billed by a physician and not provided in a hospital unless such services or treatment:

         (a) Are actually rendered by the physician or are incident to the physician's professional services; and
         (b) Are included on the physician's bill, including documentation verifying that the physician is responsible for the medical services or treatment that were rendered and billed.

   d. For any invalid diagnostic test as determined by the Florida Department of Health in accordance with the Florida Motor Vehicle No-Fault Law.

   e. Charges for any services rendered by any person who violates the provisions of FLA. STAT. SECTION 817.234(8) in regard to the "insured" for whom such services were rendered and with respect to soliciting business or causing business to be solicited from any "insured" involved in a motor vehicle accident for the purpose of making:

      (1) Motor vehicle tort claims; or
      (2) Claims for personal injury protection benefits.

3. If a person seeking Personal Injury Protection Coverage is charged with committing a felony, we shall withhold benefits until, at the trial level:

   a. The prosecution makes a formal entry on the record that it will not prosecute the case against that person;

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

b. The charge is dismissed; or

c. That person is acquitted.

## MODIFICATION OF POLICY COVERAGES

1. Any coverage provided under Part B or Part C of this policy shall be excess over any personal injury protection benefits paid or payable

2. Regardless of whether the limits for personal injury protection benefits have been exhausted, any coverage provided under Part B shall pay the amount of any claim for medical expenses payable under this coverage which exceeds the 80% limitation for medical expenses.

## PROVISIONAL PREMIUM

1. In the event of any change in the:

   a. Rules;

   b. Rates;

   c. Rating plan;

   d. Premiums; or

   e. Minimum premiums;

   applicable to this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law which provide for the exemption of persons from tort liability, the premium shown in the Declarations for any coverage under:

   a. Part A;

   b. Part B; or

   c. Part C;

   of this policy shall be deemed to be provisional and subject to recomputation.

2. If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to the "named insured", in accordance with the Florida Motor Vehicle No-Fault Law, with respect to insurance provided under a previous policy.

3. If the final recomputed premium exceeds the premium shown in the Declarations, the "named insured" shall pay us:

   a. The excess amount; and

   b. The amount of any return premium previously credited or refunded.

Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

## COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

---

### DEFINITONS

---

The following definition is added:

"Diminution in value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

---

### PART D – COVERAGE FOR DAMAGE TO YOUR AUTO

---

The following exclusion is added:

We will not pay for:

Loss to "your covered auto" or any "non-owned auto" due to "diminution in value".

PP 13 01 12 99
Copyright, Insurance Services Office, Inc.
Unitrin Direct Property & Casualty Company

# LOSS PAYABLE CLAUSE - FLORIDA

Payment under Coverage for Damage to Your Auto for a loss or damage to a covered vehicle will be made according to your interest and the interest of any loss payee or lienholder shown on the Declarations Page. However, we may make payment for a partial loss, covered under Coverage for Damage to Your Auto, directly to the repair facility with your consent.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of you or a family member, the loss payee or lienholder's interest will not be protected.

We reserve the right to cancel the policy as permitted by policy terms. The cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

We will be entitled to the loss payee or lienholder's rights of recovery, to the extent of our payment to the loss payee or lienholder.

IF WE BECOME OBLIGATED TO REIMBURSE A LOSS PAYEE OR LIENHOLDER UNDER THIS COVERAGE DUE TO YOUR FAILURE TO MEET THE POLICY REQUIREMENTS, WE RESERVE THE RIGHT TO RECOVER ANY MONEY PAID TO THE LOSS PAYEE OR LIENHOLDER FROM YOU.

## UNINSURED MOTORIST SELECTION/REJECTION FORM

**You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing Uninsured Motorist limits less than your Bodily Injury Liability limits when you sign this form. Please read carefully.**

Uninsured Motorist Coverage pays for damages you are legally entitled to recover from the owner or operator of an uninsured or hit-and-run motorist. This coverage also includes protection against underinsured motorists. Benefits from Uninsured Motorist Coverage are excess over the benefits from Personal Injury Protection, Medical Payments, and Liability Coverages.

You have the option of Stacked or Non-Stacked Uninsured Motorist Coverage. Stacked coverage means that the policy limits for all vehicles listed on your policy are added together. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of vehicles covered under this policy. Non-Stacked coverage would pay the limits applicable to the specific vehicle involved in the loss. Under this option, the coverage provided does not allow the limits of two or more vehicles to be added together to determine the limit of coverage available.

Under the non-stacked option, if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy. If any injury occurs while occupying someone else's vehicle, or you are struck as a pedestrian, you are entitled to select the highest limits of uninsured motorist coverage available on any one vehicle for which you are a named insured, insured family member, or insured resident of the named insured's household. This policy will not apply if you select the coverage available under any other policy of any of other family member who resided with you.

Please complete Section I OR Section II below.

**Section I - Election of Uninsured Motorist Coverage**

I elect to have the following Uninsured Motorist Coverage (You must make a selection under both options). Please make a selection from each section below.

A. I select Uninsured Motorist Coverage limits as checked below:

| Per Person/Per Accident | | |
|---|---|---|
| ____ $10,000/$20,000 | ____ $25,000/$50,000 | ____ $100,000/$300,000 |
| ____ $15,000/$30,000 | ____ $50,000/$100,000 | ____ $250,000/$500,000 |
| ____ $20,000/$40,000 | | |

SUP. 3/15/12
Date.

B. I select Uninsured Motorist Coverage limits:

____ Stacked     ____ Non-Stacked

Please Note: If you select Uninsured Motorist Coverage less than your Bodily Injury Limits you must return this form. Failure to return this form will result in the increase of your Uninsured Motorist Coverage to equal your Bodily Injury Liability Limits and an additional premium charge.

_____      5/13/2003      1050162
Signature of Named Insured      Date      Policy Number

## UNINSURED MOTORIST SELECTION/REJECTION FORM

**You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing Uninsured Motorist limits less than your Bodily Injury Liability limits when you sign this form. Please read carefully.**

Uninsured Motorist Coverage pays for damages you are legally entitled to recover from the owner or operator of an uninsured or hit-and-run motorist. This coverage also includes protection against underinsured motorists. Benefits from Uninsured Motorist Coverage are excess over the benefits from Personal Injury Protection, Medical Payments, and Liability Coverages.

You have the option of Stacked or Non-Stacked Uninsured Motorist Coverage. Stacked coverage means that the policy limits for all vehicles listed on your policy are added together. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of vehicles covered under this policy. Non-Stacked coverage would pay the limits applicable to the specific vehicle involved in the loss. Under this option, the coverage provided does not allow the limits of two or more vehicles to be added together to determine the limit of coverage available.

Under the non-stacked option, if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy. If any injury occurs while occupying someone else's vehicle, or you are struck as a pedestrian, you are entitled to select the highest limits of uninsured motorist coverage available on any one vehicle for which you are a named insured. Insured family member, or insured resident of the named insured's household. This policy will not apply if you select the coverage available under any other policy of any of other family member who resided with you.

Please complete Section I OR Section II below.

**Section I - Election of Uninsured Motorist Coverage**

I elect to have the following Uninsured Motorist Coverage (You must make a selection under both options). Please make <u>a selection from each</u> section below:

A.  I select Uninsured Motorist Coverage limits as checked below:

_____ $10,000/$20,000                    _____ $25,000/$50,000              _____ Per Person/Per Accident
                                                                                                       _____ $100,000/$300,000

_____ $15,000/$30,000                    _____ $50,000/$100,000            _____ $250,000/$500,000
                                                                                                       Sue  Sep '12
_____ $20,000/$40,000                                                                     Date

B.  I select Uninsured Motorist Coverage limits:

_____ Stacked                 _____ Non-Stacked

Please Note: If you select Uninsured Motorist Coverage less than your Bodily Injury Limits you must return this form. Failure to return this form will result in the increase of your Uninsured Motorist Coverage to equal your Bodily Injury Liability Limits and an additional premium charge.

_____          5/13/2002          _____1050162_____
Signature of Named Insured                  Date                          Policy Number

---

Policy Number: 1050162                    Kevin M. Kier                          Page 1-15

RU SU 125 00 1200                Kemper Auto & Home Insurance Company
                    Please return to: Kemper, P.O. Box 3037, Scranton, PA 18505-0057

EXHIBIT
C

# UNITRIN *direct*™
## auto and home insurance

<u>Via Facsimile (941) 365-6691 and Regular Mail</u>

February 25, 2009

Sardelis & Bowles, LLP
2033 Main Street Suite 502
Sarasota, FL  34237-6063

RECEIVED
FEB 2 7 2009
BY:

    Our insured:  Kevin M. Kisz
    Our Claim No:  2008023791
    Date Of Loss:  6/17/2008

Dear Ms. Bowles:

In response to your letter dated 2/25/09, please find the correct UM selection form that was signed by your client.

Should you have any questions regarding this matter, please contact our office.


UNITRIN DIRECT PROPERTY & CASUALTY COMPANY


Derek A. Newton
Claim Representative
877-305-4165 x4236



EXHIBIT
D

Unitrin Direct

Unitrin Direct Insurance Company, Unitrin Direct Property & Casualty Company, Merastar Insurance Company, Consolidated Lloyds

## UNINSURED MOTORIST SELECTION/REJECTION FORM

**You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing Uninsured Motorist limits less than your Bodily Injury Liability limits when you sign this form. Please read carefully.**

Uninsured Motorist Coverage pays for damage you are legally entitled to recover from the owner or operator of an uninsured or hit-and-run motorist. This coverage also includes protection against underinsured motorists. Benefits from Uninsured Motorist Coverage are excess over the benefits from Personal Injury Protection, Medical Payments, and Liability Coverages.

You have the option of Stacked or Non-Stacked Uninsured Motorist Coverage. Stacked coverage means that the policy limits for all vehicles listed on your policy are added together. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of vehicles covered under this policy. Non-Stacked coverage would pay the limits applicable to the specific vehicle involved in the loss. Under this option, the coverage provided does not allow the limits of two or more vehicles to be added together to determine the limit of coverage available.

Under the non-stacked option, if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in their policy. If any injury occurs while occupying someone else's vehicle, or you are struck as a pedestrian, you are entitled to select the highest limits of uninsured motorist coverage available on any one vehicle for which you are a named insured, insured family member, or insured resident of the named insured's household. This policy will not apply if you select the coverage available under any other policy of any of other family member who resided with you.

Please complete Section I OR Section II below.

### Section I - Election of Uninsured Motorist Coverage

I elect to have the following Uninsured Motorist Coverage (You must make a selection under both options)
**Please make a selection from each section below:**

A. I select Uninsured Motorist Coverage limits as checked below:

| Per Person/Per Accident | | Per Person/Per Accident | | Per Person/Per Accident | |
|---|---|---|---|---|---|
| ___ | $10,000/$20,000 | ___ | $25,000/$50,000 | _X_ | $100,000/$300,000 |
| ___ | $15,000/$30,000 | ___ | $50,000/$100,000 | ___ | $250,000/$500,000 |
| ___ | $20,000/$40,000 | | | | |

B. I select Uninsured Motorist Coverage limits:

___ Stacked       _X_ Non-Stacked

Please Note: If you select Uninsured Motorist Coverage less than your Bodily Injury Limits you must return this form. Failure to return this form will result in the increase of your Uninsured Motorist Coverage to equal your Bodily Injury Liability Limits and an additional premium charge.

| _Amny Kise_ | _8/13/2002_ | _1050162_ |
|---|---|---|
| Signature of Named Insured | Date | Policy Number |

Policy Number: 1050162                          Kevin M. Kise                          Page 1 - 15

HO SC 095 09 1899                    Kemper Auto & Home Insurance Company
                    Please return to: Kemper, P.O. Box 3057, Scranton, PA 18505-0057